DLD-138                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4022
_____

UNITED STATES OF AMERICA

v.

CONCETTA JACKSON,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 07-cr-00040-002)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Dismissal due to Untimeliness
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 19, 2013

Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: January 9, 2014)
_____

OPINION
_____

PER CURIAM

     Concetta Jackson appeals the District Court's order denying her motion to withdraw

her guilty plea.  For the reasons below, we will summarily affirm the District Court's order.

     In September 2008, Concetta Jackson pleaded guilty to one count of using a minor to

produce visual depictions of sexually explicit conduct. She waived her right to appeal or challenge her conviction or sentence in her plea agreement. She was subsequently sentenced to 300 months. Despite her waiver, she filed a direct appeal, a § 2255 motion, and an application for permission to file a second or successive § 2255 motion. All were unsuccessful.

In August 2013, Jackson filed a motion to withdraw her guilty plea. By order entered August 26, 2013, the District Court denied the motion to withdraw the guilty plea. Jackson filed a notice of appeal dated September 18, 2013.

We have jurisdiction pursuant to 28 U.S.C. § 1291. While it appears that Jackson's notice of appeal from the August 26th order was not timely filed, she argues that she should be excused from timely filing. Because the fourteen-day time limit of Fed. R. App. P. 4(b)(1)(A) is not jurisdictional and the Government has not moved to enforce the time bar, we will not dismiss the appeal for untimeliness. See Gov't of the V.I. v. Martinez, 620 F.3d 321, 327-29 (3d Cir. 2010).

The District Court thoroughly addressed Jackson's motion in its August 26th order. It noted that Jackson had already challenged her conviction and sentence with a direct appeal and a § 2255 motion and correctly concluded that she may no longer file a motion to withdraw her guilty plea. See Fed. R. Crim. P. 11(e).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.