**AMENDED ALD-090**                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2689
_____

UNITED STATES OF AMERICA

v.

CONCETTA JACKSON,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:07-cr-00040-002)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 23, 2015

Before: RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 27, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Concetta Jackson seeks this Court's review of the United States

District Court for the Eastern District of Pennsylvania's denial of her second motion to

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

withdraw her guilty plea and obtain a court-appointed attorney. Because Jackson's appeal presents no substantial question, we will summarily affirm the District Court's order.

I.

In September 2008, Jackson pleaded guilty to one count of using a minor to produce visual depictions of sexually explicit conduct. In her plea agreement, she waived her right to appeal or collaterally challenge her conviction or sentence. She was subsequently sentenced to 300 months. Despite her waiver, she filed a direct appeal, a 28 U.S.C. § 2255 motion, and an application for permission to file a second or successive § 2255 motion. All were unsuccessful.

Then, in August 2013, Jackson filed a motion to withdraw her guilty plea and obtain a court-appointed attorney, which the District Court denied. Upon Jackson's appeal, we summarily affirmed the District Court's decision. See United States v. Jackson, 549 F. App'x 61, 62 (3d Cir. 2014) (per curiam).

In April 2014, Jackson filed a second motion to withdraw her guilty plea and obtain a court-appointed attorney. She also requested an evidentiary hearing. Jackson's 2014 motion, while lengthier than her 2013 motion, set forth the same grounds for withdrawing her guilty plea that she advanced in her 2013 motion. The District Court denied the new motion in an April 15, 2014 order, relying on the same reasons that it gave in its order denying her 2013 motion. Jackson then filed a timely notice of appeal

2

and a response to the Clerk's notice that her appeal was subject to possible summary action.[1]

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and will summarily affirm the District Court's order if there is no substantial question presented in the appeal. See 3d Cir. I.O.P. 10.6.

We find no error in the District Court's decision to deny Jackson's latest motion. The District Court noted that Jackson had already challenged her conviction and sentence with a direct appeal and a § 2255 motion, and correctly concluded that she may no longer file a motion to withdraw her guilty plea. See Fed. R. Crim. P. 11(e). We upheld the District Court's earlier denial on this basis, and we see no reason to take a different approach here. Accordingly, we will summarily affirm the District Court's order. See 3d Cir. I.O.P. 10.6.

---

[1] Jackson also filed a document apparently requesting that we reverse the "no-contact with her children" provision of her sentence, which she states is unconstitutional. We have already issued an opinion agreeing with the District Court that "Jackson waived any challenge to her sentence and that her challenge [to the no-contact provision] is meritless." See United States v. Jackson, 549 F. App'x 117, 118 (3d Cir. 2014) (per curiam). We decline to revisit Jackson's arguments on this issue.